## JOHN ALLEN v. THE STATE.

1. CONFESSIONS, admissions, or declarations made by one of several persons who were confederated in an unlawful enterprise, if made after its consummation, are not evidence against the others without their acquiescence in them. Note the facts of this case in illustration.

2. EVIDENCE — PRACTICE. — When oral evidence of a fact is offered, and objection is raised on the ground that there is written and better evidence of the fact, it is incumbent on the objector to produce the writing itself, or proof that it was once in existence.

3. SAME. — In a trial for horse-theft, there being proof that the defendant and two companions were together when the stolen animal was sold by one or more of them, a witness for the prosecution was allowed, over objection by the defence, to state that all three of them "seemed" to be interested in effecting the trade. *Held*, that, as the witness further stated the facts on which his opinion was based, no material error is apparent.

APPEAL from the District Court of Tarrant. Tried below before the Hon. J. A. CARROLL.

The material facts appear in the opinion.

*Hanna & Hogsett*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

White, P. J.   It is a principle well established, both in reason and in law, that the declarations, confessions, or admissions of one of two or more persons who are shown to have been engaged in a common unlawful purpose are not admissible in evidence against the others if made after the completion of the unlawful purpose.   " But after the common enterprise is at an end,—whether by accomplishment or abandonment is not material,—no one is permitted by any subsequent act or declaration of his own to affect the others.   His confession, therefore, subsequently made, even though by the plea of guilty, is not admissible in evidence as such against any but himself."   1 Greenl. on Ev., sect. 233 ; *Draper* v. *The State*, 22 Texas, 400 ; *Phillips* v. *The State*, 6 Texas Ct. App. 364.   But Mr. Greenleaf further says : " If it [the confession] were made in the presence of another and addressed to him, it might in certain circumstances be receivable on the ground of assent or implied admission."   1 Greenl. on Ev., sect. 233.   *Moore* v. *The State*, 6 Texas Ct. App. 564.

The evidence, or confession if it may so be called, in this case which is objected to in this connection is thus detailed in the statement of facts (the witness Arwine testifying) : " We found the horse in the stable at Mineola, and found the mare at Mr. Finkley's, about fifteen miles from Quitman.   The horse and mare belonged to James Gray.   We found the defendants Reynolds, Trimble, and Allen under arrest, in charge of the sheriff of Wood County, at Mineola.   Some one of the defendants told us where the mare was.   In pursuance of this information, we went and found the mare at Mr. Finkley's.   *   *   *   I cannot state which one of the defendants told us where the mare was.   T cannot state that the defendant Allen told us where she was, or that he heard either of the defendants tell where she was."

The evidence, however, sufficiently establishes, in our opinion, the existence of the conspiracy between the defend-

ants to steal the horses, including the mare. So far as the mare was concerned, the conspiracy may have been completed and at an end, she having previously been traded off by one of the defendants. But the other horses stolen at the same time that the mare was were recaptured at the time and place the defendants were arrested, and defendants were together at the time the confession or declaration was made which led to the discovery of the mare. We think, under the attendant circumstances, that the evidence was legitimate and admissible. Pasc. Dig., arts. 3126, 3127; *Zumwalt* v. *The State*, 5 Texas Ct. App. 521.

The two remaining errors complained of, as shown by bills of exception 2 and 3, are not tenable. If the testimony of Gray upon the examining trial was indeed reduced to writing, that fact should have been shown by defendant. A party who objects that there is written testimony better than oral evidence, where it is sought to establish a fact by the latter, should make good his assertion by the writing itself, or by proof showing that it was once in existence, and then the other side would indeed be required to show loss or inaccessibility of the written as a predicate for the admissibility of the parol testimony.

Granting, for the sake of argument, that we must presume that the evidence before the examining court was reduced to writing, since the law so requires, still the want of Gray's consent to the taking of the animal is abundantly and sufficiently established by other legitimate testimony in the case, independent of his express declaration to that effect on the examining trial. For we find him hunting for his mare as soon as she is missed; going in pursuit of the thieves from his home in Tarrant County to the county of Wood; finding and arresting the thieves in the latter county, claiming and recovering his mare, and returning with the mare and thieves to Tarrant County, where he owned and claimed the mare for some time afterwards and finally sold her. We can scarcely imagine better evidence of want of consent than these facts.

The third bill of exceptions was saved because one of the witnesses was allowed to state that all the defendants "seemed" to him interested in trading him the stolen mare.   In connection with this statement the witness stated the facts upon which his impression or opinion was based.

We are of opinion that the judgment in this case is correct, and it is therefore affirmed.

*Affirmed.*